```
         IN THE UNITED STATES DISTRICT COURT
     FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                  CHARLESTON DIVISION
```

**MICHAEL MCKINZIE,**

      **Movant,**

**v.**                                      Case No. 2:95-cr-00021-1
                                                Case No. 2:11-cv-00157

**UNITED STATES OF AMERICA,**

      **Respondent.**

### PROPOSED FINDINGS AND RECOMMENDATION

    The undersigned has reviewed the movant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (ECF No. 145) ("2255 Motion").  After careful consideration, the undersigned proposes that the presiding District Judge dismiss the same.

    Movant, Michael McKinzie, is serving a sentence of 262 months, to be followed by a five-year term of supervised release, for his 1995 convictions by a jury of one count of conspiracy to distribute and possess with intent to distribute cocaine base, in violation of 21 U.S.C. § 846, one count of possessing with intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a)(1) and two counts of distributing cocaine base, in violation of 21 U.S.C. § 841(a)(1).  (Judgment in a Criminal Case entered January 3, 1996, ECF No. 64).

    The movant's direct appeal was unsuccessful.  United States v. McKinzie, No. 96-4025, 1996 WL 593808 (4th Cir. October 16, 1996).

His prior § 2255 Motions were denied or dismissed. (Judgment Order entered March 12, 1998, ECF No. 100; Judgment Order entered June 14, 1999, ECF No. 117), and the United States Court of Appeals for the Fourth Circuit denied his 28 U.S.C. § 2244 Motion for authorization to file a successive application for relief on February 15, 2006. (ECF No. 130).

The movant filed the instant 2255 motion on March 9, 2011. In this 2255 motion, he alleges that he was incorrectly sentenced as a career offender because his 1986 conviction for violating 18 U.S.C. §§ 1952(a)(3) & 2 did not qualify as a predicate. However, "[a] second or successive motion under § 2255 must be denied unless certified "by a panel of the appropriate court of appeals to contain-(1) newly discovered evidence ...; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." United States v. Poole, 531 F.3d 263, 266 n.4 (4th Cir. 2008) (quoting 28 U.S.C. § 2255(h)).

The undersigned therefore proposes that the presiding District Judge **FIND** that, inasmuch as the movant has not obtained a certificate of appealability from the Fourth Circuit, the Court lacks subject matter jurisdiction to consider his 2255 motion. It is respectfully **RECOMMENDED** that the movant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (ECF No. 145) be **DISMISSED**.

2

The parties are notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable Thomas E. Johnston, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(c) of the Federal Rules of Criminal Procedure, the parties shall have fourteen days (filing of objections) and then three days (mailing/service), from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be served on opposing parties and Judge Johnston.

The Clerk is directed to file this Proposed Findings and Recommendation, to mail a copy of the same to Movant, and to transmit it to counsel of record.

ENTER: MAY 3, 2011

*Mary E. Stanley*
Mary E. Stanley
United States Magistrate Judge

4