IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

MICHAEL ANTHONY MCKINZIE,

Movant,

v.                                                    CIVIL ACTION NO.  2:11-cv-00157
                                                      (Criminal No. 2:95-cr-00021)

UNITED STATES OF AMERICA,

Respondent.

MEMORANDUM OPINION AND ORDER

Pending before the Court is *pro se* Movant Michael Anthony McKinzie's September 23, 2011, written submission styled "Petitioner's Judicial Notification of Relevant Supreme Court Authority Which Impacts the Pending Pleading Which This Court Has Misconstrued as a § 2255 Petition" [Docket 153].   For the reasons that follow, the Court **FINDS** that this filing is properly construed as a Fed. R. Civ. P. 60(b) motion seeking relief from final judgment, **DENIES** the Rule 60(b)motion, and **DISMISSES** this case.

*I.  BACKGROUND*

Movant Michael Anthony McKinzie was sentenced in December 1995 to 262 months' imprisonment following his conviction by a jury for offenses relating to his unlawful possession with intent to distribute, distribution of crack cocaine, and conspiracy. (Docket 64.)   Movant's direct appeal and subsequent § 2255 filings were unsuccessful.  (Docket 81, 100, 108, 118, 121, 130).

On February 17, 2009, the Court denied Movant a sentencing reduction pursuant to 18 U.S.C. § 3582(c)(2) on the grounds that his career offender classification at sentencing precluded any

reduction in his Sentencing Guideline range under the 2007 amendments to the crack cocaine Guidelines.  (Docket 142.)

On or about March 9, 2011, Movant mailed a letter, along with various attachments, to United States District Court Judge John T. Copenhaver.  (Docket 145.)  In this letter Movant claimed he was improperly classified as a career offender when he was sentenced in December 1995 to 262 months' imprisonment.  (Docket 145 at 2.)   The Court construed this letter as a motion to vacate, set aside, or correct sentence by a person in federal custody pursuant to 28 U.S.C. § 2255.  (Docket 145– 146.)  *See Castro v. United States*, 540 U.S. 375, 381-82 (2003) (observing that federal courts sometimes ignore the legal label that a *pro se* litigant attaches to a motion and re-characterize the motion in order to avoid unnecessary dismissal, to prevent inappropriately stringent application of formal labeling requirements, or to create a better correspondence between the substance of a *pro se* movant's claim and the underlying legal basis for that claim).

On May 3, 2011, Magistrate Judge Mary E. Stanley submitted her Proposed Findings and Recommendation ("PF&R") recommending that Movant's March 9, 2011, letter, now characterized as a § 2255 motion, be dismissed.  (Docket 149.)   In his objections to the PF&R, Movant did not object to Magistrate Judge Stanley's characterization of his filing as a § 2255 motion.  (Docket 150.)  On July 19, 2011, the Court adopted the PF&R and dismissed this case on the ground that Movant, having previously filed two § 2255 motions, failed to obtain the requisite certificate of appealability from the Fourth Circuit Court of Appeals.  (Docket 151.)  Movant did not appeal the Court's July 19, 2011, final judgment order.  (Docket 152, 153.)

 On September 23, 2011, more than two months after entry of final judgment, Movant filed the now-pending "Petitioner's Judicial Notification of Relevant Supreme Court Authority Which

Impacts the Pending Pleading Which This Court Has Misconstrued as a § 2255 Petition"
("September 23, 2011, post-judgment filing" and " filing").   [Docket 153.]

## II. DISCUSSION

This case requires the Court to determine whether Movant's September 23, 2011, post-judgment filing must be construed as: 1) an unauthorized and successive § 2255 motion attacking Movant's sentence or conviction because he has previously filed § 2255 applications and has not obtained court of appeals certification for the present filing as required un 28 U.S.C. § 2255(h); or, alternatively,  2) a proper Rule 60(b) post-judgment motion seeking a remedy for some defect in the collateral review process itself.

The answer to this question is important because it has jurisdictional implications. If Movant's filing is construed as an unauthorized and successive § 2255 motion directly attacking his conviction or sentence, then this Court lacks jurisdiction to consider it.  *United States v. Winestock*, 340 F.3d 200, 206 (4th Cir. 2003).  If, on the other hand the filing is fairly construed as a motion brought under Fed. R. Civ. P. 60(b) seeking relief from final judgment on the grounds that the Court committed substantive legal error when it characterized Movant's March 9, 2011, filing as a § 2255 motion, then this Court has jurisdiction to consider this argument.  *Id.*

Resolution of this question requires an examination of Fed. R. Civ. P. 60(b), the statutory restrictions imposed on successive collateral review applications under the Anti-terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), and how these provisions interact.  In addition to implicating this Court's authority to consider the merits of Movant's argument, this question is important because, where an inmate has already filed one or more § 2255 applications, misconstruction of a subsequent post-judgment filing that in substance directly attacks an underlying

3

conviction and sentence would thwart Congress' intent to restrict unauthorized and successive collateral review applications.

     *A.*    *Governing Legal Standards*

         *1.*    *Motions for Relief from a Judgment Order under Federal Rule of Civil Procedure 60(b)*

Rule 60(b) of the Federal Rules of Civil Procedure provides:

**(b) Grounds for Relief from a Final Judgment, Order, or Proceeding.** On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

A Rule 60(b) movant faces several procedural barriers. First, a Rule 60(b) movant "must have a meritorious claim or defense and the opposing party must not be unfairly prejudiced by having the judgment set aside." *Aikens*, 652 F.3d 496, 501 (4th Cir. 2011) (citation omitted). Second, pursuant to Fed. R. Civ. P. 60(c), a Rule 60(b) motion must be filed within a "reasonable time." With respect to motions brought under Rule 60(b)(1)–(3), the motion may be made "no more than

4

a year after entry of the judgment or order or date of the proceeding." Fed. R. Civ. P. 60(c)(1).  Rule 60(b) motions made three to four months after the original judgment and where no valid reason is given for the delay have been held untimely in numerous non-habeas cases.  *See, e.g.*, *McLawhorn v. John W. Daniel & Co.*, 924 F.2d 535, 538 (4th Cir. 1991); *Central Operating Co. v. Utility Workers of America*, 491 F.2d 245 (4th Cir.1974), and *Consolidated Masonry & Fireproofing, Inc. v. Wagman Constr. Corp.*, 383 F.2d 249 (4th Cir.1967).

Additionally, if the motion is brought under Rule 60(b)(6)'s catch-all provision, relief may be granted only in "extraordinary circumstances." *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 864 n.11 (1988)).  Rule 60(b)(6) and Rule 60(b)(1)–(5) are mutually exclusive; that is, a movant may not invoke Rule 60(b)(6)'s broad " any other reason that justifies relief" clause when the claim could be made under sub-sections (b)(1)–(5). *Id.*

Finally, a Rule 60(b) motion is not intended to serve as a substitute for raising issues that could have been addressed on appeal from judgment.  *Aikens,* 652 F.3d at 501.  If the movant could have raised the issue asserted in a Rule 60(b) motion on direct appeal but elected to forego appeal, then the Rule 60(b) motion should be denied as an inappropriate substitute for appeal. *Id.* In non-habeas contexts, where a Rule 60(b) motion is used to challenge a substantive ruling by the district court, courts have required that such a motion be filed within the time frame required for the filing of a notice of appeal. *See e.g. Cashner v. Freedom Stores, Inc.*, 98 F.3d 572, 578 (10th Cir. 1996) (stating that a Rule 60(b)(1) motion challenging a substantive judicial mistake must be filed within the time frame required for the filing of a notice of appeal); *Morris v. Adams-Millis Corp.*, 758 F.2d 1352, 1358-59 (10th Cir. 1985) ("[W]e are of the view that a mistake of law cannot be reached under 60(b)(1) where no notice of appeal was timely filed from the order in which the mistake is alleged

to have occurred, and the time for filing such a notice of appeal had expired when the 60(b) motion was filed.  A contrary rule would permit a 60(b) motion to serve as an appeal, which would be untimely otherwise."); *Pierce v. United Mine Workers of America Welfare and Retirement Fund for 1950 and 1974*, 770 F.2d 449, 451 (6th Cir. 1985) ("A [Rule] 60(b)(1) motion based on legal error must be brought within the normal time for taking an appeal"); *Gila River Ranch, Inc. v. United States*, 368 F.2d 354, 357 (9th Cir. 1966) (finding that the district court had authority pursuant to Rule 60(b)(1) to correct mistake where the motion was filed before expiration of time for appeal); *Int'l Controls Corp. v. Vesco*, 556 F.2d 665, 670 (2d. Cir. 1977) (Rule 60(b)(1) motions for relief from substantive legal mistakes made by a judge may not be made after the time for appeal has elapsed); *see also* 11 C. Wright & A. Miller, supra, § 2858 (2d ed.).

2.    *Statutory Bar to Unauthorized and Successive § 2255 Applications*

Rule 60(b), like all other Rules of Federal Civil Procedure, applies in habeas corpus proceedings only "to the extent that they are not inconsistent with any statutory provisions or [the Rules Governing Section 2255 Proceedings for the United States District Courts]."  Rule 12, Rules Governing Section 2255 Proceedings.   Thus, the Court must determine whether, under the facts of this case, Rule 60(b) conflicts with the provisions of the AEDPA and the applicable procedural rules.

The 1996 amendments to the AEDPA, among other things, imposed a complete bar to unauthorized and successive § 2255 motions with two exceptions—where the application is predicated on: 1) newly discovered evidence; or 2) a new and retroactive rule of constitutional law. *See* 28 U.S.C. § 2255(h).  Where the claim is based on either of these two exceptions, the movant must obtain certification from the appropriate court of appeals for an order authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(3). If the court of appeals denies the request

6

for certification, the movant has no right of appeal of that denial. 28 U.S.C. § 2244(b)(3)(E).  In the absence of court of appeals certification, the district court lacks jurisdiction to consider an application containing claims that have been previously lodged.  *Winestock*, 340 F.3d at 205.  If the court of appeals grants the certification request, the applicant must then still convince the district court that his claim satisfies the provisions of § 2244.  28 U.S.C. §2244(b)(4).

Importantly, a Rule 60(b) motion must be construed as a successive collateral review application "when failing to do so would allow the applicant 'to evade the bar against relitigation of claims presented in a prior application or the bar against litigation of claims not presented in a prior application'" *Winestock*, 340 F.3d at 206 (citation omitted). "[A] district court has no discretion to rule on a Rule 60(b) motion that is functionally equivalent to a successive application." *Id.* (collecting cases).

The proper treatment of a Rule 60(b) post-judgment motion depends on the nature of the claim presented. *Id.*  Thus, when faced with a post-judgment filing by an inmate who has previously filed one or more § 2255 motions, a district court must examine the substance of the filing to determine whether the filing is a proper Rule 60(b) motion or a successive § 2255 application masquerading as a Rule 60(b) motion. *Id.* at 207.  In *Winestock*, the Fourth Circuit stated that while there "may be no infallible test for making this distinction . . . a relatively straightforward guide is that a motion directly attacking the prisoner's conviction or sentence will usually amount to a successive application, while a motion seeking a remedy for some defect in the collateral review process will generally be deemed a proper motion to reconsider." *Id.* at 207.

B.    *Analysis*

    1.   *Movant's September 23, 2011, Post-Judgment Filing is Properly Construed As a Rule 60(b)(6) Motion and Not As a Successive §2255 Application*

Guided by the foregoing principles, Movant's September 23, 2011, is properly construed as a post-judgment Rule 60(b)(6) motion[1] and not an unauthorized and successive § 2255 application. In his September 23, 2011, filing, Movant contends the Court "unlawfully construed" his March 9, 2011, letter to United States District Court Judge John T. Copenhaver as a motion to vacate, set aside, or correct sentence by a person in federal custody pursuant to 28 U.S.C. § 2255. [Docket 153.] The essence of Movant's argument is that the Court erred by characterizing his March 9, 2011, letter to Judge Copenhaver as a § 2255 motion without first giving him notice and an opportunity to respond. This argument asserts a defect in the collateral review process itself—and not a direct attack on the validity of his sentence. *See Winestock*, 340 F. 3d at 207 (finding that where Winestock's motion challenged the district court's finding that his prior 28 U.S.C. § 2255 filing was

---

[1] In *Gonzalez v. Crosby*, 545 U.S. 524, 536 (2005), the Court, without discussion, analyzed Gonzalez's § 2254 claim of judicial error under Rule 60(b)(6). The Fourth Circuit has addressed claims of judicial legal error under Rule 60(b)(1) and Rule 60(b)(6) analysis. *Compare Aikens v. Ingram*, 652 F.3d 496, 500 (4th Cir. 2011) (analyzing effect of district court's legal error under Rule 60(b)(6)'s catch-all provision) *and GO Computer, Inc. v. Microsoft Corp.*, 508 F.3d 170, 177 (4th Cir. 2007) (finding that district court had authority under Rule 60(b)(1) to correct erroneous voluntary dismissal order that mistakenly dismissed the case in its entirety) *and United States v. Williams*, 674 F.2d 310, 313 (4th Cir. 1982) (citation omitted) (stating that "[i]n certain limited circumstances, the word "mistake" in Rule 60(b)[1] has indeed been read to include mistakes by the court . . . [w]here the motion is nothing more than a request that the district court change its mind, however, it is not authorized by Rule 60(b).").

In the present case, the Court concludes that analysis of Movant's argument should be under Rule 60(b)(6); this conclusion, however, is of little practical consequence because, as discussed *infra*, there is no merit to Movant's substantive claim and would fail under either Rule 60(b)(1) or (b)(6).

untimely, Winestock's motion did not directly attack his conviction or sentence; rather, the motion asserted a defect in the collateral review process and, thus, constituted a Rule 60(b) motion); *see also Williams v. Chatman*, 510 F.3d 1290, 1295 (11th Cir. 2007) (finding that petitioner's claims attacking validity of his conviction constituted a unauthorized and successive § 2255, but his contention that the district court erred by refusing to permit additional briefing was a proper subject of a Rule 60(b) motion); *Peach v. United States*, 468 F.3d 1269, 1272 (10th Cir. 2006) (finding that Peach's argument that the district court erred by not addressing his ineffective assistance of counsel claim did not challenge the merits of his underlying § 2255 motion and thus, the district court had jurisdiction to adjudicate that claim under Rule 60(b)).

Two years after the Fourth Circuit's decision in *Winestock*, the Supreme Court in *Gonzalez v. Crosby*, 545 U.S. 524 (2005) provided similar and helpful guidance on the inter-relationship between Rule 60(b) and § 2254 cases. While the holding in *Gonzalez* is expressly limited to § 2254 cases, the Court's reasoning closely tracks *Winestock's* § 2255 analysis and, thus, offers appropriate analogous reasoning. *Id.* at 530 n. 3; *see also In re Naylor*, 487 F.3d 1018, 1022-23 (6th Cir. 2007) (expanding *Gonzalez* to § 2255 cases).

In *Gonzalez*, the Court stated that a Rule 60(b) motion attacking the district court's previous resolution of a claim on its merits must be distinguished from a motion attacking "not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings." *Id.* 532. "If neither the motion itself nor the federal judgment from which it seeks relief substantively addresses federal grounds for setting aside the movant's state conviction, allowing the motion to proceed as denominated creates no inconsistency with the habeas statute or rules." *Id.* at 533. Where Mr. Gonzalez's Rule 60(b) motion alleged that the district court

9

misapplied an applicable statute of limitations, the Court found that his motion was properly construed as a Rule 60(b) post-judgment motion and not a successive § 2254 motion.[2] *Id.*

### 2.  Movant's Claim of Judicial Error Has No Basis in Law and, Consequently, He Fails to Demonstrate Extraordinary Circumstances Justifying Relief from Judgment under Rule 60(b)(6)

Having arrived at the conclusion that Movant's September 23, 2011, post-judgment filing is a proper Rule 60(b) motion and that, consequently, the Court has jurisdiction over this case, the merits of Movant's argument must be addressed.  In support of Movant's claim that the Court was required to give him notice and offer him an opportunity to respond prior to characterizing his March 9, 2011, letter as a § 2255 application, Movant relies on *Castro v. United States*, 540 U.S. 375, 383 (2003) (stating that a district court must give a prisoner notice of its intent to construe post-conviction motion as an *initial* § 2255 motion).  Plainly, *Castro* has no application here because this is not Movant's first § 2255, but rather his third. (Docket 100, 117.)  *See Gonzalez v. Sec'y for Dep't of Corr.*, 366 F.3d 1253, 1277 n. 7 (11th Cir. 2004) ("The *Castro* decision does not extend beyond initial filings, and nothing the Supreme Court said or did in that case implies that the [28 U.S.C.] § 2244(b) restrictions can be evaded by the simple expedient of labeling second or successive filings to be something they are not.).  Moreover, this is not a situation where Movant's first post-judgment filing was an unwarned *sua sponte* § 2255 construction by the Court.  Rather, Movant's first § 2255, which was filed on October 20, 1997, was expressly styled and argued by Movant as a "§ 2255" motion.  (*See* 2:95-cr-00021, Docket 85).  Moreover, having reviewed the motion itself and supporting memorandum, the Court is satisfied it was a § 2255 application in substance as well in

---

[2] Without discussion, the Court proceeded to analyze (and reject) Gonzalez's allegation of judicial error under Rule 60(b)(6)'s broad "any other reason" clause.

form and had no *sua sponte* construction by the Court.  Accordingly, Movant's assertion that the Court committed legal error is unavailing.

Where there was no substantive legal error by the Court in construing Movant's March 9, 2011, letter as an unauthorized and successive § 2255 motion, Movant fails to demonstrate "extraordinary circumstances" justifying relief under Rule 60(b)(6).[3]  Because the motion may be disposed of on this basis alone, there is no need to pass on the questions of the timeliness of the filing or whether Movant's claim is barred by failure to pursue his claim on direct appeal.

### III.  CONCLUSION

The Court **FINDS** that the Court has jurisdiction to consider the merits of Movant's September 23, 2011, post-judgment submission because that filing is properly construed as a Fed. R. Civ. P. 60(b)(6) motion and not as a successive and unauthorized § 2255 motion.  The Court further **FINDS** that because Movant fails to demonstrate that Court erred by construing his March 9, 2011, letter to United States District Court Judge John T. Copenhaver as a § 2255 application, the relief Movant requests in his September 23, 2011, filing, construed by the Court as a Rule 60(b)(6) motion, must be **DENIED.**  Accordingly, this case is **DISMISSED**.

The Court has carefully considered the question of whether to grant a certificate of appealability ("COA") in this case.  *See* 28 U.S.C. § 2253(c).  A COA will not be granted unless there is "a substantial showing of the denial of a constitutional right."  *Id*. § 2253(c)(2).  This standard is satisfied only upon a showing that reasonable jurists would find that any assessment of the constitutional claims by this Court is debatable or wrong and that any dispositive procedural

---

[3] This conclusion eviscerates any basis for Rule 60(b)(1) relief under the "mistake" prong of Rule 60(b)(1).

ruling is likewise debatable.  *Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003); *Reid v. Angelone*, 369 F.3d 363 (4th Cir. 2004);  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683-84 (4th Cir. 2001).

The Court concludes that, based on the reasoning set forth in this Memorandum Opinion, Movant fails to satisfy this governing standard, and consequently, **DENIES** issuance of a COA.

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings, Movant may not appeal the Court's denial of a COA, but he may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22.

**IT IS SO ORDERED.**

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER:        January 20, 2012

THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE